UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SIMON ISAKOV, on behalf of himself and all        Case No.: 1:24-CV-9488
others similarly situated,

               Plaintiffs,        **ANSWER**

     v.

Sushi Nakazawa, LLC,

               Defendant.
-------------------------------------------------------------X

## ANSWER TO CLASS ACTION COMPLAINT

Defendant Sushi Nakazawa, LLC ("Defendant" or "Sushi Nakazawa"), by and through

its attorneys, hereby answers the Class Action Complaint (the "Complaint") filed by Plaintiff

Simon Isakov ("Plaintiff") as follows:

## PRELIMINARY STATEMENT

Defendant denies all allegations in the Complaint except those specifically admitted

herein. Defendant expressly reserves the right to amend and/or supplement its Answer as may

be necessary. The headings contained in this Answer correspond to those in the Complaint and

are included solely for the Court's convenience. To the extent that any headings in the

Complaint contain substantive allegations, those allegations are denied.

## RESPONSES TO ALLEGATIONS

### INTRODUCTION

1.      Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 1 of the Complaint and therefore denies them.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 2 of the Complaint and therefore denies them.

3.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies them.

4.     Defendant admits it operates a restaurant known as Sushi Nakazawa and maintains a website accessible at https://www.sushinakazawa.com. Defendant denies the remaining allegations in Paragraph 4, including any allegation that Defendant has violated any law or that Plaintiff is entitled to any relief.

5.     Defendant admits it operates a website that provides information about its restaurant services. Defendant denies the remaining allegations in Paragraph 5, including that its website contains "significant access barriers" or that it "excludes the blind and visually-impaired from the full and equal participation in the growing Internet economy."

6.     Defendant denies the allegations in Paragraph 6 of the Complaint.

7.     Defendant denies the allegations in Paragraph 7 of the Complaint.

8.     Defendant denies the allegations in Paragraph 8 of the Complaint.

9.     Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9 of the Complaint.

10.     Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff browsed or intended to make a reservation on its website. Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations in Paragraph 11 of the Complaint.

**JURISDICTION AND VENUE**

12.     Paragraph 12 contains legal conclusions regarding jurisdiction to which no response is required. To the extent a response is required, Defendant does not contest subject matter jurisdiction but denies any allegations of wrongdoing or that Plaintiff is entitled to any relief.

13.    Paragraph 13 contains legal conclusions regarding venue to which no response is required. To the extent a response is required, Defendant does not contest venue in this District but denies any allegations of wrongdoing or that Plaintiff is entitled to any relief.

14.    Defendant admits that it is registered to do business in New York State and conducts business in New York State, including in this District. Defendant denies any remaining allegations in Paragraph 14 of the Complaint.

## PARTIES

15.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies them.

16.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's disability status in Paragraph 16 of the Complaint and therefore denies them.

17.    Defendant admits that Sushi Nakazawa, LLC is a New York Limited Liability Company registered to do business in New York State with its principal place of business located at 36 Copper Flagg Lane, Staten Island, NY 10304 and a physical location at 23 Commerce Street, New York, NY 10014.

18.    Defendant denies all remaining allegations in Paragraph 17 of the Complaint.

19.    Defendant admits that it operates a restaurant known as Sushi Nakazawa and maintains a website accessible at https://www.sushinakazawa.com that provides information about its restaurant. Defendant denies the remaining allegations in Paragraph 18, including the characterization of its website as a "place of public accommodation" under Title III of the ADA.

## NATURE OF THE CASE

20.    Defendant admits that the Internet is a significant source of information and a tool for conducting business and other activities. Defendant denies any remaining allegations in Paragraph 19 of the Complaint.

21.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies them.

22.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies them.

23.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies them.

24.    Defendant admits that the World Wide Web Consortium (W3C) has published accessibility guidelines. Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

## FACTUAL ALLEGATIONS

25.    Defendant    admits    that    it    operates    a    website    accessible at https://www.sushinakazawa.com. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

26.    Defendant admits that its website provides information about its restaurant services. Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

27.    Defendant admits that its website allows users to learn about its restaurant and services. Defendant denies any remaining allegations in Paragraph 26 of the Complaint.

28.    Defendant denies the allegations in Paragraph 27 of the Complaint.

29.    Defendant denies the allegations in Paragraph 28 of the Complaint.

30.    Defendant denies the allegations in Paragraph 29 of the Complaint.

31.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding "Alt-text" in Paragraph 30 of the Complaint and therefore denies them. Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

32.    Defendant denies the allegations in Paragraph 31 of the Complaint.

33.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's use of VoiceOver and specific accessibility issues in Paragraph 32 of the Complaint and therefore denies them.

34.    Defendant denies the allegations in Paragraph 33 of the Complaint.

35.    Defendant denies the allegations in Paragraph 34 of the Complaint.

36.    Defendant denies the allegations in Paragraph 35 of the Complaint.

37.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's activities on December 4, 2024, in Paragraph 36 of the Complaint, and therefore denies them. Defendant denies the remaining allegations in Paragraph 36 of the Complaint.

38.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's intentions to visit the website in the future in Paragraph 37 of the Complaint and therefore denies them. Defendant denies the remaining allegations in Paragraph 37 of the Complaint.

39.    Defendant denies the allegations in Paragraph 38 of the Complaint.

40.    Defendant denies the allegations in Paragraph 39 of the Complaint.

41.    Defendant denies the allegations in Paragraph 40 of the Complaint.

42.    Defendant denies the allegations in Paragraph 41 of the Complaint.

43.    Defendant denies the allegations in Paragraph 42 of the Complaint.

## CLASS ACTION ALLEGATIONS

44.    Defendant admits that Plaintiff purports to bring this action on behalf of himself and others similarly situated. Defendant denies that a class action is appropriate or that Plaintiff can satisfy the requirements for class certification under Federal Rule of Civil Procedure 23 and denies all remaining allegations in Paragraph 43 of the Complaint.

45.    Defendant admits that Plaintiff purports to bring this action on behalf of a New York subclass. Defendant denies that a class action is appropriate or that Plaintiff can satisfy the requirements for class certification under Federal Rule of Civil Procedure 23 and denies all remaining allegations in Paragraph 44 of the Complaint.

46.    Defendant denies the allegations in Paragraph 45 of the Complaint.

47.    Defendant denies the allegations in Paragraph 46 of the Complaint.

48.    Defendant denies the allegations in Paragraph 47 of the Complaint.

49.    Defendant denies the allegations in Paragraph 48 of the Complaint.

50.    Defendant denies the allegations in Paragraph 49 of the Complaint.

51.    Defendant denies the allegations in Paragraph 50 of the Complaint.

52.    Defendant denies the allegations in Paragraph 51 of the Complaint.

53.    Defendant denies the allegations in Paragraph 52 of the Complaint.

## FIRST CAUSE OF ACTION
**(Violation of 42 U.S.C. §§ 12181 et seq. – Title III of the Americans with Disabilities Act)**

54.    Defendant repeats and realleges its responses to Paragraphs 1 through 53 as if fully set forth herein.

55.    Paragraph 54 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 54 of the Complaint.

56.    Defendant denies the allegations in Paragraph 55 of the Complaint.

57.    Defendant denies the allegations in Paragraph 56 of the Complaint.

58.    Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 57 of the Complaint.

59.    Paragraph 58 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58 of the Complaint.

60.    Paragraph 59 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59 of the Complaint.

61.    Paragraph 60 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 60 of the Complaint.

62.    Defendant denies the allegations in Paragraph 61 of the Complaint.

63.    Defendant denies the allegations in Paragraph 62 of the Complaint.

64.    Defendant denies the allegations in Paragraph 63 of the Complaint.

65.    Defendant denies the allegations in Paragraph 64 of the Complaint.

66.    Defendant denies the allegations in Paragraph 65 of the Complaint.

67.    Defendant denies the allegations in Paragraph 66 of the Complaint.

68.    Defendant denies the allegations in Paragraph 67 of the Complaint.

69.    Defendant denies the allegations in Paragraph 68 of the Complaint.

**SECOND CAUSE OF ACTION**
**Violation of New York State Human Rights Law, N.Y. Exec. Law Article 15 (Executive Law § 292 et seq.)**

70.     Defendant repeats and realleges its responses to Paragraphs 1 through 69 as if fully set forth herein.

71.     Paragraph 70 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 70 of the Complaint.

72.     Defendant denies the allegations in Paragraph 71 of the Complaint.

73.     Defendant admits it is a business entity operating in New York State. Defendant denies all remaining allegations in Paragraph 72 of the Complaint.

74.     Defendant denies the allegations in Paragraph 73 of the Complaint.

75.     Paragraph 74 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 74 of the Complaint.

76.     Paragraph 75 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 75 of the Complaint.

77.     Defendant denies the allegations in Paragraph 76 of the Complaint.

78.     Defendant denies the allegations in Paragraph 77 of the Complaint.

79.     Defendant denies the allegations in Paragraph 78 of the Complaint.

80.     Defendant denies the allegations in Paragraph 79 of the Complaint.

81.     Defendant denies the allegations in Paragraph 80 of the Complaint.

82.     Defendant denies the allegations in Paragraph 81 of the Complaint.

83.     Defendant denies the allegations in Paragraph 82 of the Complaint.

84.     Defendant denies the allegations in Paragraph 83 of the Complaint.

## THIRD CAUSE OF ACTION
### (Violation of New York State Civil Rights Law, NY CLS Civ R, Article 4 (CLS Civ R § 40 et seq.))

85.    Defendant repeats and realleges its responses to Paragraphs 1 through 84 as if fully set forth herein.

86.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint and therefore denies them.

87.    Paragraph 86 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 86 of the Complaint.

88.    Paragraph 87 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 87 of the Complaint.

89.    Defendant denies the allegations in Paragraph 88 of the Complaint.

90.    Defendant admits it is a business entity operating in New York State. Defendant denies all remaining allegations in Paragraph 89 of the Complaint.

91.    Defendant denies the allegations in Paragraph 90 of the Complaint.

92.    Defendant denies the allegations in Paragraph 91 of the Complaint.

93.    Paragraph 92 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 92 of the Complaint.

94.    Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 93 of the Complaint.

95.    Defendant denies the allegations in Paragraph 94 of the Complaint.

96.    Defendant denies the allegations in Paragraph 95 of the Complaint.

97.    Defendant denies the allegations in Paragraph 96 of the Complaint.

### FOURTH CAUSE OF ACTION
**(Violation of New York City Human Rights Law, N.Y.C. Administrative Code § 8-102, et seq.)**

98.    Defendant repeats and realleges its responses to Paragraphs 1 through 97 as if fully set forth herein.

99.    Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 98 of the Complaint.

100.    Defendant denies the allegations in Paragraph 99 of the Complaint

101.    Defendant admits it is a business entity operating in New York State. Defendant denies all remaining allegations in Paragraph 100 of the Complaint.

102.    Defendant denies the allegations in Paragraph 101 of the Complaint.

103.    Defendant denies the allegations in Paragraph 102 of the Complaint.

104.    Defendant denies the allegations in Paragraph 103 of the Complaint.

105.    Defendant denies the allegations in Paragraph 104 of the Complaint.

106.    Defendant denies the allegations in Paragraph 105 of the Complaint.

107.    Defendant denies the allegations in Paragraph 106 of the Complaint.

108.    Defendant denies the allegations in Paragraph 107 of the Complaint.

109.    Defendant denies the allegations in Paragraph 108 of the Complaint.

### FIFTH CAUSE OF ACTION
**(Declaratory Relief)**

110.    Defendant repeats and realleges its responses to Paragraphs 1 through 109 as if fully set forth herein.

111.    Defendant denies the allegations in Paragraph 110 of the Complaint.

112.    Defendant denies the allegations in Paragraph 111 of the Complaint.


## AFFIRMATIVE DEFENSES

113.    Without assuming any burden of proof that it would not otherwise bear, Defendant asserts the following affirmative defenses:


### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

114.    The Complaint, and each and every purported cause of action therein, is overly broad, vague and/or otherwise fails to state facts sufficient to constitute a cause of action against Defendant.


### SECOND AFFIRMATIVE DEFENSE
### (No Standing)

115.    Plaintiff lacks standing to assert the claims in the Complaint because Plaintiff has not suffered an injury-in-fact that is concrete and particularized, and actual or imminent, not conjectural or hypothetical.


### THIRD AFFIRMATIVE DEFENSE
### (Not a Place of Public Accommodation)

116.    Defendant's website is not a "place of public accommodation" within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., or applicable state or local laws.

## FOURTH AFFIRMATIVE DEFENSE
### (No Nexus)

117.    To the extent Defendant's website is not itself a place of public accommodation, there is no nexus between the website and a physical place of public accommodation sufficient to bring the website within the scope of Title III of the ADA or applicable state or local laws.

## FIFTH AFFIRMATIVE DEFENSE
### (Undue Burden)

118.    The remediation sought by Plaintiff would constitute an undue burden on Defendant and/or would fundamentally alter the nature of Defendant's goods and services.

## SIXTH AFFIRMATIVE DEFENSE
### (Technical Infeasibility)

119.    Some or all of the accommodations sought by Plaintiff are not technologically feasible.

## SEVENTH AFFIRMATIVE DEFENSE
### (Readily Achievable Standard)

120.    Even if Defendant's website constitutes a place of public accommodation, which Defendant denies, the removal of the alleged barriers is not readily achievable.

## EIGHTH AFFIRMATIVE DEFENSE
### (Effective Communication)

121.    Defendant provides effective communication and full and equal enjoyment of its goods and services to individuals with disabilities through alternative means.

### NINTH AFFIRMATIVE DEFENSE
**(Good Faith)**

122.    Defendant has acted in good faith and has not engaged in any discriminatory practices with malice or reckless indifference to the federally protected rights of others.

### TENTH AFFIRMATIVE DEFENSE
**(Reasonable Modification/Accommodation)**

123.    Defendant has made reasonable modifications in policies, practices, and procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Mootness)**

124.    Plaintiff's claims are moot and/or not ripe for adjudication to the extent Defendant has already implemented or is in the process of implementing accessibility features on its website.

### TWELFTH AFFIRMATIVE DEFENSE
**(Lack of Requisite Intent)**

125.    Plaintiff's claims under the New York State Human Rights Law, New York State Civil Rights Law, and New York City Human Rights Law are barred, in whole or in part, because Defendant did not act with the requisite discriminatory intent.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

126.    Plaintiff has failed to take reasonable steps to mitigate any alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

127.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Primary Jurisdiction)

128.    Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, as they involve technical and policy considerations that should be addressed in the first instance by the Department of Justice or other administrative agencies with expertise in these matters.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Due Process)

129.    Defendant has been denied due process of law because neither the ADA nor its implementing regulations provide clear guidance regarding website accessibility requirements.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Direct Threat)

130.    The accommodations requested by Plaintiff may pose a direct threat to the security and integrity of Defendant's web services.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Compensatory Damages Under the ADA)

131.    Plaintiff's claim for compensatory damages under the ADA is barred because the ADA does not provide for such damages.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Class Certification Improper)**

132.     Plaintiff cannot satisfy the requirements for class certification under Federal Rule of Civil Procedure 23.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Plaintiff Has Unclean Hands)**

133.     Plaintiff has unclean hands and/or *in pari delecto*.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Plaintiff's Own Culpability)**

134.     Plaintiff's claims are barred, or in the alternative, damages are the result of his own negligence, recklessness, intentional acts, fraud, breach of fiduciary duty, breach of certain agreements and/or their failure to complete the performance required of him.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Plaintiff's Failure to Exhaust Remedies)**

135.     The claims herein are barred to the extent that the Plaintiff failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Waiver and Estopple)**

136.     Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
#### (Laches)

137.    Plaintiff's claims are barred by the doctrine of laches.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
#### (Covid)

138.    Plaintiff's claims are moot or otherwise would have already become moot but for the related restrictions that had been imposed by the government as a result of Covid-19 and, to that extent, they will quickly be remedied.

139.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
#### (Defendant Not Responsible Party)

140.    To the extent Defendant is found in breach of any law or duty of care, Defendant was not the legally responsible party(ies), its performance was excused and other parties would have performed their respective obligations and/or duty of care.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
#### (Accessibility)

141.    The Complaint is barred, in whole or in part, to the extent the subject premises provide equivalent or greater accessibility to Plaintiff and persons with disabilities.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
#### (Plaintiff's Lacks Good Faith)

142.    The Complaint must be dismissed because Plaintiff does not have a good faith intent to patronize Defendant's business.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Vexatious Litigant)

143.    Plaintiff's claims are barred because Plaintiff and Plaintiff's counsel have filed numerous ADA lawsuits and should be declared a "serial filer" and/or "vexatious litigant" who must seek leave of court before filing additional lawsuits. Plaintiff and Plaintiff's council are using this Honorable Court as a sword, rather than the shield it is intended to be. Plaintiff's Complaint amounts to little more than a money-making ("shakedown") scheme wherein Plaintiff's council will derive the vast majority of any monies awarded thereunder.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Plaintiff's Bad Faith)

144.    Plaintiff is not entitled to damages or attorney's fees because Plaintiff acted in bad faith by failing to give Defendant notice of the alleged violations prior to filing this lawsuit, when alleged violations could have been handled in a cost-effective manner, in a transparent attempt to extract a settlement.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Plaintiff's Lack of Injury)

145.    Plaintiff's inability to obtain information from the Defendant's website alone is not a sufficient injury to confer standing.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Plaintiff's Failure to Establish Claim)

146.    Plaintiff cannot not demonstrate that his ability to book a reservation was disrupted by alleged regulatory failures existing on Defendant's website.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Plaintiff Cannot Establish Harm)

147.    Plaintiff cannot demonstrate harm beyond a mere statutory violation.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (De Minimis Damages)

148.    Assuming Plaintiff can establish a claim and prove Defendant breached any statute, law and/or standard of care, Plaintiff has suffered no damages as a result of Defendant, or such damages are inconsequential and *de minimis*.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

149.    Defendant reserves the right to assert additional affirmative defenses as they become known through discovery or investigation.

## RULE 7.1 STATEMENT

150.    Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant Sushi Nakazawa, LLC, by and through its undersigned counsel, hereby certifies as follows: (i) Sushi Nakazawa, LLC is a privately held limited liability company organized under the laws of the State of New York, (ii) Sushi Nakazawa, LLC does not have a parent corporation, and (iii) No publicly held corporation owns 10% or more of Sushi Nakazawa, LLC's membership.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that this Court:

1.  Dismiss the Complaint in its entirety with prejudice;

2.  Deny class certification;

3.  Enter judgment in favor of Defendant and against Plaintiff;

4.  Award Defendant its costs and attorneys' fees incurred in defending this action; and

5.  Grant such other and further relief as the Court deems just and proper.


Dated: March 21, 2025
      Bronx, New York

                         Respectfully submitted,

                         Johnnie Woluewich, Esq.
                         984 Morris Park Avenue
                         Bronx, New York 10462
                         (212) 335-0696 – Phone
                         jwoluewich@gmail.com
                         Attorneys for Defendant
                         Sushi Nakazawa, LLC